IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KURT WASHINGTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:25-cv-0660-O-BP |
| § | |
| LVNV FUNDING LLC, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a suit for violation of the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and due process under the Fifth and Fourteenth Amendments of the Constitution, that Plaintiff Kurt Washington brings *pro se*. ECF No. 15. The case was referred to the undersigned under Special Order 3. ECF No. 7. Before the Court are the Motion to Dismiss that Defendant LVNV Funding, LLC ("LVNV") filed on August 26, 2025 (ECF No. 19), Response that Washington filed on September 2, 2025 (ECF No. 21), and Reply that LVNV filed on September 4, 2025 (ECF No. 22). After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **GRANT** the Motion to Dismiss (ECF No. 19) and **DISMISS** Washington's Amended Complaint with leave to amend other than for his constitutional claims.

**I.    BACKGROUND**

Washington contends that LVNV attempted to collect a consumer debt he "did not originate, authorize, contract for, nor receive full disclosure of." ECF No. 15 at 3. He alleges that LVNV based its collection efforts on incomplete or inaccurate records and violated his rights under 15 U.S.C. § 1692g. *Id.* Washington also claims that LVNV did not provide verification and

documentation upon request. *Id.* He argues that these violations led to a default judgement against him in state court, which he asserts was obtained in violation of his due process rights. *Id.*

Washington alleges under the FDCPA that LVNV used false, deceptive, and misleading representations and means in collection of a debt and failed to cease collection efforts after his dispute in violation of 15 U.S.C. § 1692g(b). *Id.* at 4. He asserts under the FCRA that LVNV furnished inaccurate and unverified data to credit report agencies ("CRAs"), did not investigate, and continued to report inaccurate information, which caused actual damages. *Id.* Finally, he alleges that LVNV engaged in state court enforcement "under color of state law and with cooperation of judicial officers" which deprived him of property, credit standing, and reputation in violation of constitutional due process guarantees. *Id.* at 5. Washington seeks a declaration that LVNV violated the FDCPA, FCRA, and the Constitution; statutory and actual damages; injunctive relief ordering LVNV to cease the contested reporting and collection activities; and costs. *Id.*

On August 26, 2025, LVNV filed the pending Motion, arguing that Washington did not state an FDCPA claim because he provided no factual allegations that he is a "consumer," LVNV is a "debt collector," or that the statute applied to the debt at issue. ECF No. 19 at 5. LVNV contends Washington did not state an FCRA claim because there is no private cause of action under § 1681s-2(a) and because § 1681i addresses the duties of CRAs, and Washington does not allege that section applies to LVNV. *Id.* at 7. Finally, LVNV contends that Washington did not state a constitutional claim because the Fifth and Fourteenth amendments apply to "conduct by the government and state actors, but not from conduct by private actors" such as LVNV. *Id.* at 8 (citations and quotations omitted).

## II.     LEGAL STANDARDS

### A.     Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff ... and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

### B.     *Pro se* parties

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires

"whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Masika Brown Ray v. Anthony Boone et al.*, No. 24-40169, 2024 WL 4372692, *1 (5th Cir. 2024) (citing *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017)).

### C.     Dismissal with or without leave to amend

It is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The decision to allow amendment of the pleadings is within the sound discretion of the Court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow an amendment of the pleadings, the Court considers: undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). "At some point, a court must decide that a plaintiff has had fair opportunity to make her case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563 (5th Cir. 2003).

## III.    ANALYSIS

### A.     The Court should dismiss Washington's FDCPA claims.

Section 1692(e) of the FDCPA prohibits debt collectors from the use of various disfavored debt collection practices. Section 1692(g) requires a debt collector to "validate" a consumer's debt within five days of a consumer's inquiry. 15 U.S.C. § 1692g. A debt collector is "any person who

4

uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

> The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). In simpler terms, FDCPA debts are "payment obligations of (1) a consumer arising out of (2) a transaction in which the money, property, insurance or services at issue are (3) primarily for personal, family or household purposes."

*Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 581 (5th Cir. 2020) (citing *Agrelo v. Affinity Mgmt. Servs., LLC*, 841 F.3d 944, 950 (11th Cir. 2016)).

Washington asserts conclusory violations of the FDCPA but does not establish a sufficient factual basis to assert that the debt at issue meets the definition under § 1692a(5). He does not allege any facts regarding the nature of the debt, how it was incurred, nor whether it arose from "a transaction in which the money, property, insurance or services at issue are primarily for personal, family or household purposes." *Calogero*, 970 F.3d at 581.

To state a claim upon which relief can be granted, a plaintiff may not merely allege as a legal conclusion that the defendant qualifies as a "debt collector." *Garcia v. Jenkins/Babb LLP*, No. 3:11-cv-3171-N-BH, 2012 WL 3847362, at *7 (N.D. Tex. July 31, 2012), *rec. adopted*, No. 3:11-cv-3171-N-BH, 2012 WL 3846539 (N.D. Tex. Sept. 5, 2012). Instead, the plaintiff must plausibly allege a sufficient factual basis to establish that the defendant's actions meet the definition. Washington has not made such a showing. In his Amended Complaint, he does not state whether LVNV is a debt collector. *See* ECF No. 15. He does not provide any factual basis to

5

establish that LVNV either engaged "in any business the principal purpose of which is the collection of any debts" or that LVNV "regularly collects or attempts to collect . . . debts.'" 15 U.S.C. § 1692a(6).

Washington also does not provide a sufficient factual basis to establish that he is a covered consumer under the FDCPA. He does not plead any facts alleging how he was obligated or allegedly obligated to pay a debt relevant to the transaction at issue. *See* 15 U.S.C. § 1692a(3). These deficits in Washinton's Amended Complaint "[are] fatal to the claim . . . under *Iqbal*." *Garcia*, 2012 WL 3847362, at *7. Accordingly, the Court should dismiss both FDCPA claims.

> **B. The Court should dismiss Washington's FCRA claim because Washington does not state a claim under § 1681s-2(a) or § 1681i.**

Washington asserts LVNV violated the FCRA by furnishing inaccurate and unverified data to CRAs, not investigating upon notice of the dispute, and continuing to report derogatory information without confirming accuracy or providing supporting documentation. ECF 15 at 4. He alleges that these actions caused him to suffer actual damages to creditworthiness, denial of credit, emotional distress, and reputational harm. *Id.* He asserts that these actions constituted violations of § 1681s-2(a) and § 1681i. *Id.*

Washington does not state a claim under § 1681s-2(a) because "[e]ven if [his] allegation is true . . . [a § 1681s-2(a)] violation does not carry a private right of action." *Hardaway v. Toyota Fin. Services*, No. 4:21-cv-194-KPJ, 2022 WL 317758, at *5 (E.D. Tex. Feb. 2, 2022) (citations omitted). Instead, "section 1681s-2(a) [is enforced] . . . by government officials." *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (citing 15 U.S.C. § 1681s–2(d)). As a result, Washington has not stated a claim upon which relief can be granted for a violation of the FCRA under § 1681s-2(a).

Similarly, Washington has not stated a claim upon which relief can be granted under § 1681i. This section states how a consumer disputes the accuracy of his CRA file. 15 U.S.C. § 1681i. The statute sets forth the CRA's required duties following the consumer's dispute. *Id.* However, Washington does not assert that LVNV is a CRA that could be liable for § 1681i violations. Thus, the Court should also dismiss the second part of Washington's FCRA claim.

Instead, Washington seems to allege that LVNV is a furnisher of information under the statute. *See* ECF No. 15 at 2. Section 1681s-2 outlines a furnisher's duties and provides a private right of action only when a furnisher has "receiv[ed] notice . . . of a dispute . . . by a person to a CRA." 15 U.S.C. § 1681s-2(b)(1). But Washington does not allege LVNV violated § 1681s-2. Nor does he plead any factual basis to show that he triggered LVNV's duties as a furnisher under this section. He also does not allege that LVNV received notice of his dispute from a CRA. Thus, Washington has not stated a plausible claim upon which the Court can grant relief, and dismissal of his FCRA claims is appropriate.

C.    **The Court should dismiss Washington's constitutional claims.**

Washington claims that LVNV "engaged in state court enforcement without jurisdiction, authority, or contractual evidence, under color of state law and with cooperation of judicial officers." ECF No 15 at 5. He alleges that these actions violated his constitutional right to due process under the Fifth and Fourteenth Amendments. *Id.* He asserts that LVNV's actions "constitute[] state action" because LVNV invoked judicial remedies without lawful standing. *Id.*

The Fifth Amendment "protect[s] citizens from conduct by the government and state actors, but not from conduct by private actors." *Carter v. Transp. Workers Union of Am. Local 556*, 353 F. Supp. 3d 556, 581 (N.D. Tex. 2019) (citations omitted). Similarly, the Fourteenth Amendment protects individuals from due process deprivations resulting from state action. *Nat'l*

*Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191, (1988) (The Fourteenth Amendment contains "a dichotomy between state action, which is subject to scrutiny under the Amendment's Due Process Clause, and private conduct, against which the Amendment affords no shield, no matter how unfair that conduct may be." (internal citations omitted)).

Washington merely asserts as a legal conclusion that LVNV's conduct as a private entity constituted state action because it "invoked judicial remedies." ECF No. 15 at 5. Washington cites no legal authority for this novel proposition that a private entity seeking judicial relief is equivalent to state action. He also does not provide any factual support to conclude that LVNV's actions amounted to state action. Washington has not alleged a sufficient factual basis that LVNV violated his constitutional right to due process of law. Accordingly, dismissal of these claims is appropriate.

    **D.    The Court should dismiss Washington's claims, except one, with leave to amend.**

Although Washington does not plead sufficient facts in his Amended Complaint to state a claim against LVNV upon which relief can be granted, the Court does not conclude that he has pleaded his best case or that further amendment would be futile, except for his constitutional claims. Since deprivations of constitutional due process apply to state action rather than private conduct, further amendment of that claim would be futile. Accordingly, as to all of Washington's claims except his constitutional claims, the Court should grant Washington leave to file a Second Amended Complaint that addresses the deficiencies noted in these findings, conclusions, and recommendation within fourteen days after Chief Judge O'Connor enters his order on the findings, conclusions, and recommendation or such other time that he sets.

**IV.    CONCLUSION**

Washington has not pleaded sufficient facts to state a claim against LVNV under the FDCPA, FCRA, or the constitution. Therefore, the undersigned **RECOMMENDS** that Chief

Judge O'Connor **GRANT** the Motion to Dismiss (ECF No. 19) and **DISMISS** Washington's claims with leave to amend under Federal Rules of Civil Procedure 12(b)(6), except for his constitutional claims.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

It is so **ORDERED** on December 4, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE